MJC2015R00547

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 SEP 24  PM 1:51

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. CCB-15-0521 |
| v. | (Wire Fraud, 18 U.S.C. § 1343; |
| LAWRENCE EDWARD COLEMAN, JR., | Forfeiture, 18 U.S.C. § 982(a)(2)(A)) |
| Defendant. | |

...oOo...

## INDICTMENT

### COUNTS ONE THROUGH FOUR

(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.  Avis Budget Group, Inc. ("Avis"), was involved in the business of renting vehicles. Avis had offices located throughout the United States, with its principal office in Parsippany, New York.

   a. Avis regularly purchased new vehicles to replace the older ones in its rental fleet. Avis tracked the vehicles by assigning a unique identification number to each one. Before the newly purchased vehicles were offered for rent, they underwent a preparatory process known as "infleeting," which involved removing protective plastic from the vehicles, and installing vehicle components such as fuses, wipers, antennas, floor mats, and license plates. When vehicles were removed from service, they underwent another process known as "defleeting," which involved accounting for any damage to the vehicles and ensuring that each

one had two sets of keys, a car manual, proper tires, and adequate fluids, filters and windshield wipers.

   b. In addition to using its own employees, Avis contracted with various companies to perform the vehicle prepping services.

  2. **LAWRENCE EDWARD COLEMAN, JR.,** ("**COLEMAN**"), the defendant, was a Maryland resident and the owner and operator of Perfection Plus Automotive, LLC, d/b/a Perfection Plus Auto Detailing ("Perfection Plus"), located in Reisterstown, Maryland. Prior to starting Perfection Plus, the defendant was an employee of Avis.

   a. Beginning in August 2007, Perfection Plus contracted with Avis to provide vehicle prepping services at Baltimore/Washington Thurgood Marshall Airport ("BWI") in Hanover, Maryland. On or about September 24, 2007, **COLEMAN** opened a business bank account for Perfection Plus at Suntrust Bank, account number ending in 9628. **COLEMAN** was the sole, authorized signatory on the account.

   b. After a rental vehicle underwent Perfection Plus' infleeting or defleeting service at the BWI site in Hanover, Maryland, the service manager for Perfection Plus sent **COLEMAN** a vehicle worksheet that included a checklist of the work that was performed on each car. The worksheets were usually faxed to **COLEMAN**'s residence in Reisterstown, Maryland.

   c. Based upon the submitted worksheets, **COLEMAN** billed Avis approximately $14.75 per vehicle for the prep service. **COLEMAN** prepared invoices listing the identification numbers of the cars serviced, and then sent those invoices to Avis.

2

      d.    The invoices that were sent to Avis by Perfection Plus were processed by a business service company called ACS with offices in El Paso, Texas and Sandy, Utah. ACS had the invoices scanned in Juarez, Mexico, and then the scanned images were sent via wire to a data-entry company in Bangalore, India. Once the data was loaded into an online workflow application program, notice was sent via wire from Sandy, Utah, to the Avis office at BWI in Hanover, Maryland, stating that the invoice was ready for payment. Once the payment was authorized online by an Avis employee at the BWI office, Avis' computer server in Austin, Texas, sent an authorization of payment to Avis' bank, JP Morgan Bank, which, in turn, wired the money from Avis's account to Perfection Plus's account ending in 9628 at Sun Trust Bank in Florida.

## The Scheme to Defraud

3.    From in or about August 2007 until in or about November 2010, in the District of Maryland and elsewhere, the defendant,

**LAWRENCE EDWARD COLEMAN, JR.,**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud Avis Budget Group, Inc., and to obtain property and money from Avis Budget Group, Inc., by means of materially false and fraudulent pretenses, representations and promises ("the scheme to defraud").

## Object of the Scheme to Defraud

4.    The object of the scheme to defraud was to obtain money from Avis by knowingly submitting false invoices that inflated the number of times a rental vehicle had been serviced by Perfection Plus.

## Manner and Means

5. It was part of the scheme to defraud that the defendant prepared and submitted Perfection Plus invoices for rental vehicles for which Avis had already been billed, sometimes submitting more than twenty invoices for the same vehicle.

6. It was further part of the scheme to defraud that the defendant submitted new invoices that contained both the identification numbers of rental vehicles for which payment was legitimately due and those for which payment had already been made.

7. It was further part of the scheme to defraud that the defendant used his knowledge as a former Avis employee to avoid closer scrutiny of his billing practices by submitting individual invoices that were less than $1,000, a threshold amount not requiring a second level of approval under Avis' internal accounting procedures.

## The Charges

8. Beginning in or about August 2007 until in or about November 2010, the defendant submitted false invoices to Avis for prepping services that were not performed on thousands of rental vehicles, causing an overbilling of approximately $515,149.

9. On or about the dates listed below, in the State of Maryland and elsewhere, the defendant,

**LAWRENCE EDWARD COLEMAN, JR.,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications certain signals, signs, and sounds, that is, wire communications from Hanover, Maryland, to Sandy,

Utah, authorizing the payment of invoices submitted by the defendant on behalf of Perfection Plus.

| Count Number | Invoice Number | Date Payment Authorized | Total Invoice Amount | Overbilled Amount |
|---|---|---|---|---|
| 1 | 928 | October 19, 2010 | $954.75 | $770.50 |
| 2 | 5231 | November 3, 2010 | $686.75 | $686.75 |
| 3 | 953 | November 5, 2010 | $921.25 | $904.50 |
| 4 | 957 | November 5, 2010 | $871.00 | $586.25 |

18 U.S.C. § 1343

## **FORFEITURE**

1.  Pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343 as alleged in Counts One through Four, the defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2.  The property to be forfeited includes, but is not limited to, the following:

    a.  A sum of money equal to the value of the proceeds of the scheme to defraud which amount is at least $515, 149.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); Rule 32.2(a), F.R.Crim.P.

_____
Rod J. Rosenstein
United States Attorney
District of Maryland

A TRUE BILL:
**SIGNATURE REDACTED**
Foreperson
Date: 9/24/15

6